[Civ. No. 5246. First Appellate District, Division Two.—October 5, 1925.]

## LOUISE FOSTER, Appellant, v. A. L. ABRAHAMS, Respondent.

[1] REPLEVIN—RING AS COLLATERAL SECURITY—ATTORNEY AND CLIENT —BREACH OF TRUST—RECORD.—In this action in replevin to recover a diamond ring which defendant claimed he was entitled to hold as security for the payment of several sums due under the terms of a collateral note, the contention of plaintiff that the defendant, while acting as plaintiff's attorney, violated the provisions of section 2235 of the Civil Code, is not supported by the record.

[2] PROMISSORY NOTES—COLLATERAL NOTE—WHAT DEBTS SECURED— CONSTRUCTION.—A diamond ring, which is given as collateral security in connection with loans of money made to the maker of a collateral note, may be held by the indorsee of such note as security for the payment of legal services rendered and costs advanced by such indorsee for said maker, where said note provides that said ring is deposited "as collateral security for the payment of this or any other liability or liabilities of mine to" the payee named therein "or other holder hereof, due or to become due, or that may be hereafter contracted."

(1) 3 C. J., p. 696, n. 61.    (2) 31 Cyc., p. 822, n. 83.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Wellborn, Judge. Affirmed.

The facts are stated in the opinion of the court.

Kemp & Clewett, E. L. Foster and Lester R. Godward for Appellant.

Paul Barksdale D'Orr and Minor Moore for Respondent.

STURTEVANT, J.—The plaintiff commenced an action in replevin to recover a diamond ring. The defendant appeared and answered and also filed a cross-complaint. The

2. Authority to hold collateral for the satisfaction of debts not accrued at the time of the creation of the pledge, note, 32 Am. St. Rep. 717. See, also, 2 R. C. L. 654.

plaintiff answered the cross-complaint and a trial was had in the lower court without the intervention of a jury. The trial court made findings on all of the issues on which evidence was introduced in favor of the defendant. The plaintiff moved for a new trial, the motion was denied and the plaintiff has appealed, bringing up a bill of exceptions.

In the earlier part of the year 1921 Louise Foster and E. L. Foster were man and wife. In July of that year Mrs. Foster engaged Mr. Abrahams to act as her attorney in obtaining a divorce for her. He commenced the action and after the papers were served on Mr. Foster the latter appeared and moved that the venue be changed from Los Angeles County to Kern County. The motion was granted. After the divorce case was transferred to Kern County such proceedings were had that Mr. Kaye, an attorney at law residing at Bakersfield, in Kern County, was substituted as attorney for Mrs. Foster in the place of Mr. Abrahams. Some time in the month of July, 1921, Mrs. Foster called on Mr. Abrahams and borrowed $100. Later she called again and borrowed $200. At the time of the second loan she produced a diamond ring as security. A note was made out in favor of W. N. Hamaker as payee. The note was dated August 3, 1921, payable ninety days after date, and bore interest at eight per cent per annum. It was on a printed form and is what is commonly called a collateral note. Among other provisions the note contained the following: "and I hereby deposit with said W. N. Hamaker as collateral security for the payment of this or any other liability or liabilities of mine to said W. N. Hamaker or other holder hereof, due or to become due, or that may be hereafter contracted, the following property, viz.: One diamond (3 large stones and several small stones) ring, platinum setting . . . " After signing the note Mrs. Foster delivered the note and the ring as security into the hands of Mr. Abrahams for Hamaker, however it is not controverted but what Hamaker was a naked trustee for Abrahams. In accordance with the undisputed testimony the trial court found that the note was indorsed and delivered by Hamaker to Mr. Abrahams before the maturity of said note.

Prior to the second day of November, 1921, Mr. Abrahams sent to Mrs. Foster a bill in the divorce action, which included his fee and costs paid, amounting to $260. On the

date last mentioned Mrs. Foster caused to be tendered to
Mr. Abrahams $300 and interest and demanded the return
to her of the note and the ring. Mr. Abrahams refused to
return the ring, claiming that he had the right under the
terms of the note to retain the ring until the principal and
interest on the note were paid, and also the amount of his
fee as an attorney, and the amount of his expenditures,
made in the divorce case, were paid to him.

[1] In her brief the appellant makes several points,
claiming that the defendant, while acting as her attorney,
violated the provisions of section 2235 of the Civil Code.
We think these contentions are not supported by the record.
By his cross-complaint the defendant set forth all of the
facts and asked a decree establishing the amount of his
lien and that the ring be sold, etc. In her answer to the
cross-complaint Mrs. Foster did not plead a violation of any
of the provisions of the section cited and the trial court
was not asked to make, and did not make, any finding on
the subject. In the next place the record presented to us
does not disclose the data from which we can ascertain
whether Mr. Abrahams was the attorney for Mrs. Foster
on the third day of August, 1921, the date when the note
was executed, or whether at that time Mr. Kaye had been
substituted. Furthermore, by his pleading Mr. Abrahams
stated that the amount of his fee had not been agreed upon
and he asserted that he was entitled to a reasonable fee
and submitted the question as to the amount thereof to the
determination of the trial court. There is nothing in the
record showing that the finding made by the trial court
holding that $260 was a reasonable charge was not sustained
by the evidence.

[2] The appellant earnestly urges many reasons why the
note should not be construed as providing security to Mr.
Abrahams for his fee and expenditures in the divorce action;
but that it should be construed as providing security for
the $300 and the interest thereon. The point is a new one
in the state of California. The appellant cites no case that
rules the point. The respondent cites and relies on the
case entitled *Oleon* v. *Rosenbloom,* 247 Pa. 250 [Ann. Cas.
1916B, 233, L. R. A. 1915F, 968, 93 Atl. 473]. In that case
two notes were involved. Each one contained a passage as
follows: "Having deposited herewith as collateral security

for payment of this or any other liability or liabilities of——
to the holder hereof now due or to become due, or that may
be hereafter contracted, the following property.'' The su-
preme court of Pennsylvania stated that there was no case
in Pennsylvania that exactly ruled the point and then that
court cited and discussed certain cases in other jurisdictions
and thereafter reached the conclusion that an indorsee of a
note for the security of which collateral is pledged is en-
titled to the benefit of a provision in a note that the col-
lateral is security for the payment of this or any other lia-
bility or liabilities to the holder hereof now due or to become
due so that he can apply the collateral to other claims held
by him against the maker.

On the authority of that case we think that the judgment
of the trial court should be affirmed. It is so ordered.

Langdon, P. J., and Nourse, J., concurred.